IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT F. TOWNLEY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: _____ |
| | § | |
| EXXONMOBIL CORPORATION, | § | |
| | § | |
| DEFENDANT. | § | JURY DEMANDED |

### Plaintiff's Original Complaint

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, ROBERT F. TOWNLEY ("Plaintiff"), through counsel, and alleges the following against Defendant, EXXONMOBIL CORPORATION ("Defendant"). In support of his causes of action, Plaintiff would show this Honorable Court and Jury the following:

### I. Parties

1. Plaintiff, ROBERT F. TOWNLEY, is an individual and a resident of Houston, Texas. Plaintiff is a Native American male and is a member of a group protected by Title VII and was at all relevant times an employee within the meaning of the applicable statute.

2. Defendant, EXXONMOBIL CORPORATION, is a foreign for-profit corporation in the State of Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, Texas 78701.

### II. Jurisdiction and Venue

3. The jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331 because the issues in this case raise federal questions under Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e, *et seq.*, as amended and pursuant to 28 U.S.C. § 1367; the age discrimination in Employment act of 1967, 29 U.S.C. § 621 et seq. (as amended by the Civil Rights Act of 1991) and the Americans with Disabilities Act of 2008 ("ADA").  The jurisdiction of this case is to secure the protection of redress for deprivation of rights guaranteed by Federal Law, which rights provides for injunctive and other relief for violation of civil rights and discrimination in employment.

4. Venue is proper in the Southern District of Texas, Houston Division because the causes of action alleged accrued within said district. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

### III.   VICARIOUS LIABILITY-RESPONDEAT SUPERIOR

5. Whenever in this pleading it is alleged that Defendants did any act or thing, or failed to do any act or thing, it is meant that Defendants' officers, owners, servants, agents, employees, or representatives, workers did such act or thing, or failed to do such act or thing, or that such act or thing or omission was done in the course and scope of that person's employment at Defendants' and/or in the furtherance of Defendants' interests, or with the full authorization, permission, tolerance, and/or ratification of Defendants were done by an authorized member of management of Defendants or was done in the normal routine of the accepted, tolerated, or permitted conduct, customs, and/or practices of Defendants' officers, owners, servants, agents, employees, and/or representatives.

### IV.   NATURE OF THE ACTION

6. This is a proceeding for civil enforcement of lawful rights secured by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, as amended; Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., Americans with Disabilities Amendments Act of 2008, and Texas Labor Code § 21.055, prohibiting certain unlawful employment such as Discrimination and Retaliation in the workplace.

7. Plaintiff seeks redress for discriminatory practices by Defendants against him in violation of Title VII of the Civil Rights Act. Plaintiff alleges discrimination on the basis of race and color, age, and disability when he was subjected to a hostile work environment.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. All conditions precedent to this Honorable Court's jurisdiction under Title VII, as amended has occurred or has taken place. Plaintiff's Complaint of Discrimination was filed within forty-five days of the actionable acts complained of herein. Further, Plaintiff's Original Complaint is being filed within ninety days of Plaintiff's receipt of his decision from the Equal Employment Opportunity Commission, office of Federal Operations.

9. On October 29, 2020, Plaintiff filed an EEOC charge of discrimination.

10. On November 3, 2020, Plaintiff received his right to sue in which the EEOC issued a determination stating they were unable to conclude that the information obtain establishes violations of the statutes.

11. The right to sue was mailed to Plaintiff on November 2, 2020. Plaintiff received the right to sue in the mail four-five days later. Plaintiff is now filing his case in the U.S. District Court for Southern District of Texas.

## VI. FACTS

12. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, in that it employed the requisite number of employees under Title VII during all times relevant to this complaint.

13. Plaintiff, Robert F. Townley is a Native American. Plaintiff engaged in EEO protected activity and was employed by Defendant, EXXONMOBIL CORPORATION in the Beaumont Refinery. During all of the alleged discriminatory actions complained of in this complaint, the Agency was aware of Plaintiff's protected Equal Employment Opportunity ("EEO") activity.

Plaintiff began working for Defendant in 2006. Since then, Plaintiff has held numerous positions. At the time the discrimination took place, Plaintiff's position was timekeeper.

14.     Plaintiff returned to work from his disability leave. Upon Plaintiff's return to work, Frank McDonald and Randall Drake began harassing Plaintiff. Plaintiff was assigned a large volume of PM's that needed to be completed by the end of the week. Plaintiff asserted that this request was unreasonable since he had been away on disability for several months and had not been trained on the subject matter required to complete the PMs. Plaintiff was punished for his disability leave and felt tremendous stress.

15.     Plaintiff was then issued a letter of expectation for requesting time off to take his own outside drug screen.

16.     On or about January 2, 2020, Plaintiff received an anonymous letter at his residence from an alleged endangered employee at ExxonMobil. The letter was addressed to Plaintiff's plant manager and copied Plaintiff. This letter alleged Plaintiff to be a danger to his co-workers. The letter stated that co-workers should be scared of Plaintiff and that a hostile work environment was created for Plaintiff. This letter informed Plaintiff that a co-worker brought a gun to work to use against Plaintiff because he was allegedly violent. Out of fear for his life, Plaintiff made complaints to human resources.

17.     On or about January 17, 2020, Plaintiff was told his supervisor Francis Holden passed out wasp protection spray to all the employees to use against Plaintiff. Plaintiff immediately called human resources who showed up to the premises to retrieve all wasp sprays. However, on the same day Plaintiff was placed on administrative leave for six weeks pending investigations. Yet, Plaintiff's supervisor remained at work.

## VII.    CAUSES OF ACTION

### Count 1- Race Discrimination

18. Plaintiff incorporates by reference all of the foregoing allegations in each other the paragraphs above as if fully set forth herein.

19. Plaintiff contends that by the above-described actions of Defendants and or their agents and or/employees violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) by discriminating against the Plaintiff on account of his race (i.e., Native American), including discrimination and retaliation.

20. Plaintiff alleges that he is (1) a member of a protected class ; (2) that he received disparate and hostile treatment toward him while on the job; (3) that the harassment and discrimination was based on his membership in a protected class; (4) that the harassment was sufficiently severe, persistent, and pervasive affecting a term or condition of his employment.; (5) that the harassment had the purpose or effect of unreasonably interfering with Plaintiff's work performance; (6) that the harassment had the purpose or effect of creating a dangerous, hostile, and offensive work environment; (7) that Plaintiff's coworkers were responsible for the harassment; and (8) that Plaintiff took advantage of any preventative or corrective opportunities provided by his employer or avoid harm otherwise.

### Count 2- Age Discrimination

21. Plaintiff incorporates by reference all of the foregoing allegations in each other the paragraphs above as if fully set forth herein.

22. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his age, fifty-one (51) years old.

23. Defendant discriminated against Plaintiff in connection with terms, conditions, and

privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's age, fifty-one (51) years old, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

### *Count 3- Title VII Retaliation and ADEA Retaliation*

24. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

25. Defendant intentionally retaliated against Plaintiff because of the complaints of race and age discrimination previously made to Defendant and in violation of the Texas Labor Code § 21.055.

### *Count 4- ADAA Disability*

26. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

27. Plaintiff has at all times relevant herein been a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act, as amended.

28. In particular, Plaintiff has and had an actual impairment disability within the meaning of those statues.

29. Plaintiff was qualified for his job and was capable of performing it either with or without an accommodation.

30. Defendant discriminated against Plaintiff because of his disability, in violation of the ADA. At the very least, Plaintiff's disability was a motivating factor in discriminating against Plaintiff.

31. Plaintiff has been damaged as a result of Defendant's discrimination against him.

32. Defendant violated the ADA with malice and/or reckless disregard for Plaintiff's

statutorily-protected rights. An award of exemplary damages is therefore warranted.

### *Count 4- Hostile Work Environment*

33.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

34.     Plaintiff was intentionally made out to be violent which negatively impacted his ability to be work and affected his health. Plaintiff alleges that the discriminatory harassment resulting from disparate treatment caused him to suffer a hostile work environment.

## VIII.   ATTORNEYS' FEES

35.      Pursuant to Title VII, Plaintiff sues Defendants for all reasonable attorneys' fees and cost incurred in the prosecution of this suit.

## IX.   DAMAGES

36.     Defendant's conduct constitutes violations of statutory law. Such unlawful conduct seriously affected Plaintiff in his occupation. Because of Defendants' unlawful conduct, Plaintiff has suffered, suffers and will continue to suffer humiliation, mental anxiety and stress along with other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of Defendants. Plaintiff seeks all general, special and incidental and consequential damages in an amount to be proved at trial. Because of Defendants' unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorneys to represent her in these causes of actions.

37.     Due to the intolerant actions of the Defendants, Plaintiff has suffered damages for which he now sues seeking actual damages, including:

        a. Front pay;
        b. Past mental anguish;
        c. Future mental anguish;
        d. Past emotional pain and suffering;
        e. Future emotional pain and suffering;

      f. Past inconvenience;
      g. Future inconvenience;
      h. Past loss of enjoyment of life;
      i. Future loss of enjoyment of life;
      j. Reduction in his standard of living for which he seeks compensatory damages in an amount to be determined by the court and jury; and
      k. All other damages allowed by law, including reasonable attorney's fees.

38. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve his ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

39. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendants. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that the Defendants do not promptly tender damages assessed against them and to avoid unjustly enriching Defendants.

## X.    JURY TRIAL DEMAND

40. Plaintiff demands a jury trial in this case.

## XI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully invokes the remedial powers of the court, and prays that Defendants be cited to appear herein, and after trial by jury, this Court enters a judgment:

      a. Declaring that the acts and practices complained of herein are in violation of the above applicable statutes;

      b. Enjoining and permanently restraining these violations of the above applicable statutes;

      c. Defendant be ordered to compensate Plaintiff for all losses and award him compensatory damages, reimburse, and make Plaintiff whole for any and all

past and future lost wages and benefits Plaintiff would have received had it not been for Defendants' actions and inactions including, but not limited to, past and future lost pay, future loss wages, front and back pay and benefits, training, promotions, and seniority. Plaintiff further asks that he be awarded all benefits illegally lost from the present to the date of his retirement;

d. Defendant be ordered to compensate Plaintiff for past and future mental anguish and humiliation;

e. Awarding Plaintiff pre-judgment and post-judgment interest at the maximum legal rate;

f. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

g. Reasonable attorney's fees, with conditional awards in the event of appeal;

h. The court grants such additional equitable and legal relief as is proper and just; and

i. The court award to Plaintiff costs and expenses of this action and award to Plaintiff reasonable attorney fees according to law.

Respectfully submitted,

THE COX PRADIA LAW FIRM PLLC

By: **/s/ Troy J. Pradia**
Troy J. Pradia
Texas Bar No. 24011945
Fed Bar No.30260
1415 N. Loop West, Ste. 200
Houston, Texas 77008
Tel. 713.739.0402
Fax 713.752.2812
ATTORNEY FOR PLAINTIFF